accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 51985.—Rogers Peet Co. v. United States, protests 63291–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in John Barr v. United States (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See John Barr v. United States, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

No. 51986.—R. H. Macy & Co., Inc. v. United States, protests 72505–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of earthenware articles the same in all material respects as those passed upon in Copeland & Thomson, Inc. v. United States (12 Cust. Ct. 85, C. D. 833) and Johnson Bros. v. United States (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

No. 51987.—Edward I. Petow & Son v. United States, protests 107904–K, etc. (Portland, Maine).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of fish scales similar in all material respects to those the subject of United States v. Edward I. Petow & Son (34 C. C. P. A. 55, C. A. D. 343). In accordance with stipulation and following the decision cited the claim for free entry under paragraph 1677 was sustained.

No. 51988.—Mearl Corp. v. United States, protests 120513–K, etc. (Portland, Maine).

Opinion by JOHNSON, J.   At the trial it was stipulated that the merchandise consists of fish scales similar in all material respects to those the subject of *United States* v. *Edward I. Petow & Son* (34 C. C. P. A. 55, C. A. D. 343).   In accordance with stipulation and following the decision cited the claim for free entry under paragraph 1677 was sustained.

**No. 51989.**—Galsworthy, Inc., et al. *v.* United States, protests 118288–K, etc. (New York).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importers.   The protests were sustained to this extent.

**No. 51990.**—American Distilling Co., Inc. *v.* United States, protest 126479–K/909 (Chicago).

Opinion by JOHNSON, J.   It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.   In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer.   The protest was sustained to this extent.

**No. 51991.**—Jas. M. McCunn & Co., Inc., et al. *v.* United States, protests 120180– K, etc.   (New York).

Opinion by JOHNSON, J.   At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), and that the quantities reported by the inspector as not landed were not in fact landed. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it pertains to the quantities reported by the inspector as not landed, is subject to an allowance in duties and internal revenue taxes. The protests were sustained to this extent.